# UNITED STATES DISTRICT COURT
## Western District of Texas
## Midland/Odessa Division

| | | |
|---|---|---|
| **Brandon Douglas et al.**, individually and on behalf of all those similarly situated | § § § § | |
| Plaintiff, | § | |
| | § | CA No: 7:20-cv-73-DC-RCG |
| v. | § § | |
| **Portable Mud Systems, Inc. and Brandon Westenburg** | § § § | Collective Action |
| Defendants | § | |

### FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Brandon Douglas ("**Douglas**"), Aaron Moss ("**Moss**") and Shawn Norton ("**Norton**") (Douglas, Moss and Norton each a "**Plaintiff**" and collectively, "**Plaintiffs**") bring this action individually and on behalf of all others similarly situated against Portable Mud Systems, Inc. ("**Portable Mud Systems**") and Brandon Westenburg ("**Westenburg**") **(collectively, "Defendant")** and in support shows the Court the following:

1. **STATEMENT OF THE CASE**

    1.1. The federal Fair Labor Standards Act, 29 U.S.C. §201, et seq., (the "**FLSA**") contains various rules regarding employee wages and working hours. Defendant violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked. This collective action seeks to recover damages and backpay to compensate all current and former employees of Defendant for these wage violations.

1.2. The Plaintiffs and the Collective Members, solids control technicians, who were non-exempt oil field workers, were paid a day rate without any allowance for overtime pay. This violates the FLSA.

## 2. PARTIES, JURISDICTION, AND VENUE

2.1. Douglas, a former employee of Defendant, is an individual and resident of the State of Texas.  His notice of consent to sue has been filed with the Court.

2.2. Moss, a former employee of Defendant, is an individual and resident of the State of Texas.  His notice of consent to sue has been filed with the Court.

2.3. Norton, a former employee of Defendant, is an individual and resident of the State of Texas.  His notice of consent to sue has been filed with the Court.

2.4. Defendant is a Texas corporation that may be served with process by serving its registered agent: Brandon R. Westenburg, at 4958 Rustic Trail, Midland, Texas 79707.

2.5. Defendant Westenburg is a Texas resident and the owner of Portable Mud Systems.

2.6. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2.7. Venue is proper under 28 U.S.C. §1391(b).

## 3. COVERAGE

3.1. At all relevant times, Portable Mud Systems and Westerburg have been, and continue to be, an "employer" within the meaning of the FLSA.

3.2. Portable Mud Systems is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

3.3. At all relevant times, Portable Mud Systems has had gross annual volume of sales in excess of $500,000.

3.4. At all relevant times, Portable Mud Systems has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiffs consent to sue in this action pursuant to 29 U.S.C. §216(b).

3.5. Plaintiffs were employees of Portable Mud Systems and Westerburg within the meaning of the FLSA.

3.6. While employed by Portable Mud Systems, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. Plaintiffs and the Collective Members specifically handled and used materials that traveled in interstate commerce such as oil field equipment.

3.7. Two or more of Portable Mud Systems' employees engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

3.7.1. oil field equipment that has been manufactured and shipped across state lines;

3.7.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

3.7.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

3.7.4. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

3.7.5. The United States postal system to send mail across state lines; and

3.7.6. the interstate banking systems to pay Portable Mud Systems' employees.

3.8. Westenburg had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Westenburg had operational control of significant aspects of Portable Mud Systems' day-to-day functions and independently exercised control over the work situation. Westenburg had direct involvement in the day-to-day operation of Portable Mud Systems and had direct responsibility for the supervision of the employees. Westenburg set work schedules and made work assignments.

3.9. Westenburg: (1) possessed the power to hire and fire the employees and did so; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

3.10. Westenburg acted, directly or indirectly, in the interests of an employer in relation to Plaintiff.

3.11. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

3.12. Plaintiffs were employed by Defendants within the applicable statute of limitations.

## 4. FACTUAL BACKGROUND

4.1. Defendant is an oilfield services company specializing in solids control for land-based oil and gas drilling operations; it does business in the territorial jurisdiction of this Court.

4.2. Defendant employed Plaintiffs as solids control technicians during the three years preceding the filing of this lawsuit.

4.3. Plaintiffs' primary duties were nonexempt duties.

4.4. As a solids control technician, Plaintiffs' primary duties were to use machines and centrifuges clear up any solid blockage so as not to disrupt the drilling operations.

4.5. Plaintiffs' primary duties did not include office or non-manual work.

4.6. Plaintiffs' primary duties were not related to the management or general business operations of Defendant or its customers.

4.7. Plaintiffs' duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

4.8. Plaintiffs did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

4.9. Plaintiffs did not have the discretion or authority to make any decisions with respect to matters of significance.

4.10. Instead, Plaintiffs were required to follow the policies, practices and procedures set by Defendant.

4.11. Plaintiffs did not have any independent authority to deviate from these policies, practices, and procedures.

4.12. Defendant paid Plaintiffs a day rate of $350 per day.

4.13. During Plaintiffs' employment with Defendant, they regularly worked in excess of forty hours per week.

4.14. Defendant knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

4.15. Defendant did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

4.16. Instead, Defendant paid Plaintiffs a fixed sum of money regardless of the number of hours they worked in a workweek.

4.17. Defendant knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

4.18. Defendant failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

4.19. Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

4.20. Defendant is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## 5. COLLECTIVE ACTION ALLEGATIONS

5.1. Plaintiffs seek certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiffs because their claims are nearly identical to those of other Collective Members. Plaintiffs and Collective Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Defendant's common practice, policy or plan regarding employee wages and hours.

5.2. All solids control technicians employed by Defendant are similarly situated to Plaintiffs because they (1) have similar job duties and were paid a salary or day rate; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work

in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

5.3. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this Collective as follows:

**All solids control technicians of Defendant who were paid a salary or day rate and no overtime and who worked more than 40 hours in one or more individual workweeks beginning three years prior to the date of the filing of this lawsuit.**

5.4. Plaintiffs' experiences are typical of the experiences of the Collective Members.

5.5. The specific job titles or precise job locations of the various Collective Members do not prevent collective treatment.

6. **FIRST CLAIM FOR RELIEF – Collective Action (Violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.)**

    6.1. Plaintiffs incorporates by reference all of the above paragraphs.

    6.2. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §201, et seq. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

    6.3. As a result, Plaintiffs and the Collective Members has been damaged in an amount to be determined at trial.

7. **SECOND CLAIM FOR RELIEF – Individual Cause of Action: Failure to Pay Wages in Accordance with the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, et seq.**

    7.1. The NM Plaintiffs incorporate by reference all of the above paragraphs in sections 1-5.

7.2. This cause of action is brought by Moss and Norton (collectively, the "**NM Plaintiffs**"), individually.

7.3. During their employment, the NM Plaintiffs were "employees" of Defendants as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

7.4. During their employment, Defendants were the NM Plaintiffs' "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

7.5. The NM Plaintiffs worked over 40 hours in workweeks in New Mexico.

7.6. This count arises from Defendants' violations of the NMMWA by failing to pay overtime to the NM Plaintiffs when they worked over 40 hours in individual workweeks.

7.7. Defendants classified the NM Plaintiffs as exempt from the overtime provisions of the NMMWA.

7.8. The NM Plaintiffs were not exempt from the overtime provisions of the NMMWA.

7.9. The NM Plaintiffs and the Class Members were regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

7.10. As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate the NMMWA by failing to pay the NM Plaintiffs overtime at one and one-half times their regular rate of pay when they worked over 40 hours in individual workweeks.

7.11. Defendants' actions were part of a "continuing course of conduct" (N.M. Stat. Ann. § 50-4-32) for which the NM Plaintiffs seek recovery.

7.12. As a result, the NM Plaintiffs and Class Members have been damaged in an amount to be determined at trial.

## 8. DOCUMENT PRESERVATION

8.1. As part of discovery, Plaintiffs will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

## 9. REQUEST FOR RELIEF

9.1. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of them and the Collective Members and against Portable Mud Systems and Westerburg, jointly and severally, as follows:

9.1.1. Determining that the action is properly maintained as a collective action under the FLSA, certifying Plaintiff as the collective representative, and appointing Plaintiff's counsel as counsel for the Collective Members;

9.1.2. Ordering prompt notice of this litigation to all potential Collective Members;

9.1.3. Awarding Plaintiff and Collective Members declaratory and/or injunctive relief as permitted by law or equity;

9.1.4. Awarding Plaintiff and Collective Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

9.1.5. Awarding Plaintiff and Collective Members their pre-judgment, post-judgment and moratory interest as provided by law;

9.1.6. An amount equal to twice their unpaid wages as penalties under the NMMWA;

9.1.7. Awarding Plaintiff and Collective Members liquidated damages and/or statutory penalties/interest as provided by law; and

9.1.8. Awarding Plaintiff and Collective Members such other and further relief as the Court deems just and proper.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**

**Certificate of Service**

The undersigned certifies that on March 24, 2020, the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules. Defendants have not yet appeared.

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, Preservation of Documents, ABA Civil Discovery Standards (Aug. 2004). This duty "applies to information stored in an electronic medium or format..." *Id*. at Standard 29.

- Various kinds of electronic and hard-copy data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendant's decision to not pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on department of labor authority when deciding not to pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendant's employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendant's employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Fair Labor Standards Act and/or state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendant performs offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendant performs offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendant takes every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.